WARD v GAMES et

Ohio Common Pleas, Brown Co

Decided Dec 10, 1937

Fite & Houston, Georgetown, for plaintiffs.

A. Z. Blair, Portsmouth, for defendants.

## OPINION

By BAGBY, J.

On the 13th day of November last the village solicitor having refused on request to file suit, the plaintiff filed this case as a taxpayer on behalf of himself and all other taxpayers of the village of Ripley, this county, against the mayor, clerk and council of the village, both in their individual and official capacities.

The object of the petition is to enjoin the defendants from borrowing money and creating certain indebtedness mentioned in the petition.

Attached to the petition and made a part of it is a copy of a resolution which the petition shows council of said village passed on the 24th day of September 1937. The resolution shows that the village is the owner of certain real estate in the village on which a building was constructed under the provisions of an act of the Ohio Legislature passed January 29, 1891, and designated in the act as "Additional Engine House." Certain additions to this building were and are without necessary lighting and heating and the resolution proposes to provide and install them at an expense not exceeding $4,000. The money to provide the heating and lighting is to be borrowed by the mayor and clerk, secured by mortgage on the property, the loan to be repaid "only from said building and lot on which it is situate and the proceeds of the rentals and earnings therefrom."

It is charged in the petition that the defendants will proceed under the resolution if not enjoined by the court to borrow the money and incur the debt which it is claimed the defendants have no legal right or authority to do. Permanent injunction is prayed for against the defendants.

The defendants have filed an answer which admits the averments of the petition except the averment that the defendants have not legal authority to do the things provided for in the resolution, which the answer denies. In addition to the denial in the answer it affirmatively sets forth the manner in which the village acquired title to the lot and building and pleads the provisions of a special act of the legislature (House Bill Number 1143). The answer further alleges "that said property described in plaintiff's petition is not necessary to be used and in fact is not being used for any municipal purpose, but is used for private purposes only."

The plaintiff has filed demurrer to this answer challenging its sufficiency. Neither the wisdom nor the propriety of the proposed action of the defendants is questioned. The sole claim of the plaintiff is that the village council has not the lawful power and authority to act in the manner proposed.

It was claimed in oral argument in support of the demurrer that the special act referred to in the defendant's answer is unconstitutional and void. Assuming this claim to be correct, the fact is that the village owns the property notwithstanding. The provisions of the act as set out in the defendants' answer show that the building was "to furnish additional engine house for the village." Since the acquisition of the property, however, the answer avers that the property "is not necessary to be used and in fact is not being used for any municipal purpose." Even though the act referred to be unconstitutional as claimed and even though the building was once used for an additional engine house, the averment is that it is not now necessary or so used. The question is, therefore, what right has a municipal corporation to deal through its council with its property in a situation like that in the instant case.

Counsel cite **Kerr v City of Bellefontaine et, 59 Oh St 446; Travelers Insurance Company v Village of Wadsworth, 109 Oh St 440; State ex White v City of Cleveland,**

162

125 Oh St 230; The Cleveland Railway Company v Village of North Olmsted, 130 Oh St 144, 4 O.O. 31; Butler v Karb, 96 Oh St 472; Bank of Chillicothe v Mayor of Chillicothe, 7 Ohio (Part 2) 31; Cass v Dillon, 2 Oh St 607.

These cases recognize an essential distinction between governmental powers of a municipality on the one hand, and proprietary rights and powers on the other. It is clearly pointed out that in the exercise of ·what the cases refer to as proprietary rights and powers in the management and control of the municipal property the same right is accorded to a municipality as to an individual or private corporation. Here the village of Ripley has property which is not necessary for and is not being used for municipal purposes.· What would an individual proprietor or private corporation do or what would it probably do under the circumstances? If the private owner would improve the property as is proposed in this case by the resolution, in that case the authorities sustain the right of the municipality to do the same thing in any convenient manner it desires to select. If good judgment on the part of a private owner would dictate that he improve the property as is proposed here, then the municipality has the same right.

It is claimed in support of the demurrer that the principle of the former law, (now repealed) §2295-1 et seq, GC, applies and that the proposed action of the council is illegal because the resolution does not conform to these former statutory provisions. In a part of the same title and chapter we find the provision requiring certificate of the fiscal officer before entering into a contract showing the presence of the money as essential to a valid contract. But in the case of Kerr v Bellefontaine, Judge Shauck in deciding that case uses this language at page 463:

"Nor are the trustees in the exercise of this authority (the purchase of machinery and appliances for gas works of a municipality) restricted by the provisions of §2702 of the Revised Statutes that 'no contract, agreement, or other obligation involving the expenditure of money shall be entered into nor shall any ordinance, resolution or order for the appropriation or expenditure of money be passed by the city council or by any board or officer of a municipal corporation, unless the auditor of the corporation, and if there be no auditor the clerk thereof, shall first certify that the money required for the contract * * * is in the treasury," etc.

In the Kerr case the board of public affairs in charge of the gas works had purchased certain equipment and machinery and incurred certain . obligations in connection with the operation of the gas works. The court held that while they were not authorized to contract on behalf of the city, yet in so far as their contract involved only the use of the money derived from the operation of the gas works which was a special fund usable for no other purpose, that the plaintiff Kerr had a good cause of action in equity because of the distinction already referred to in the creation of municipal obligations. The right of the municipality to deal with· its property as a proprietor is recognized in all the cases above referred to. And it is not necessary to have the certificate of the fiscal officer that the money is present, or to follow the procedure fixed by the statute in issuing municipal bonds or in the creation of municipal obligations in a governmental capacity.

In the instant case it is not proposed to levy any tax whatever. The debt which it is proposed to create to improve the building and make it fit for occupancy and revenue producing is to be retired because a lien is created on the property and on the revenues derived from it are to be applied to payment of the debt.

We thus conclude that the municipal authorities have the legal right to do what is proposed in the resolution made a part of the petition. From a purely academic point of view this would require that the demurrer to the answer be overruled. But the demurrer searches the record and is available against the first defective pleading filed, the petition in this case.

We have already noted that the petition does ·not show the exact manner in which the property in quesion is being used. That it is not used for any municipal purpose is disclosed by the answer. In fact the answer says it is not used for any municipal purpose and not necessary for that purpose. We interpret this averment to mean, however, that the municipality owns and is dealing with the property in question just as any individual proprietor would deal with it. If we are correct in this, we can see no reason why the municipality may not deal with the property in the manner it is since it is clear that it is not of the type and character of use different from the ordinary individual proprietor.

If the parties do not care to further plead, which we understand to be the case, a motion of the defendant for judgment on the pleadings will be granted and the petition will be dismissed at the costs of the plaintiff.